**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Faisal M. AL SALMI, Defendant–**
**Appellant.**

**No. 02–10143.**
**D.C. No. CR–01–00910–ROS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 25, 2002.

Decided Jan. 13, 2003.

Before CANBY, HAWKINS and BERZON, Circuit Judges.

## MEMORANDUM *

Faisal Al Salmi appeals his conviction for knowingly and willfully making a materially false statement in a matter within the jurisdiction of the Federal Bureau of Investigation. 18 U.S.C. § 1001. He argues that there is insufficient evidence that his statement was either false or material. We review challenges to the sufficiency of evidence to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.2000).

The government charged that Al Salmi violated § 1001 by telling agents of the FBI during an interview that he had no knowledge of or association with Hani Hanjour, one of the attackers on American Airlines Flight 77, which crashed into the Pentagon on September 11, 2001. According to the government, Al Salmi had known Hanjour and had spoken with him on several occasions, including at least one occasion when they spoke of a mutual interest in aviation.

■ There was sufficient evidence to permit the jury to find that Al Salmi made a false statement to the FBI when he denied knowing Hanjour. An agent testified that Al Salmi initially denied knowing Hanjour. Agents further testified that Al Salmi later admitted to meeting Hanjour at least twice in the past year and that Al Salmi knew Hanjour well enough to describe him as a quiet man from Saudi Arabia who was interested in aviation. The government also presented evidence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

that Al Salmi and Hanjour were seen shopping together in the summer of 2001, and that Al Salmi and Hanjour enrolled in the same flight school on the same date.

Although Al Salmi presented evidence that contradicted the government's evidence, the jury was entitled to judge the sufficiency of the evidence presented. A reasonable jury, viewing the conflicting evidence most favorably to the government, could determine that Al Salmi made a false statement to the FBI.

■ The jury also could properly find that Al Salmi's false statement was material. *See United States v. Gaudin,* 515 U.S. 506, 522–23, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (materiality is fact question for jury). A statement is material if it is capable of influencing or affecting a federal agency. *United States v. Service Deli, Inc.,* 151 F.3d 938, 941 (9th Cir.1998). The false statement need not have actually influenced the agency and the agency need not rely on the information in fact for it to be material. *Id.* The appropriate test looks to the intrinsic capabilities of the statement itself. *United States v. Goldfine,* 538 F.2d 815, 820–21 (9th Cir.1976). Al Salmi's statements had the capacity to influence the FBI's decisions. At the time Al Salmi was interviewed, the FBI was charged with determining when Hanjour was in Arizona, as well as identifying possible associates of Hanjour. By denying that he knew Hanjour, Al Salmi concealed information concerning Hanjour's connection to Arizona, as well as Hanjour's association with Al Salmi, thus potentially throwing the FBI's investigation off track. Any rational trier of fact could have concluded beyond a reasonable doubt that the false statement made by Al Salmi was material to the FBI's activities and decisions.

For the foregoing reasons, the ruling of the district court is

**AFFIRMED.**